IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

THELMA ANN WATKINS,

    Plaintiffs,

vs.                                                                             No. 15-2006-JDT-dkv

THE UNIVERSITY OF MEMPHIS
CAMPUS POLICE SERVICES,

    Defendant.

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

On January 2, 2015, the plaintiff, Thelma Ann Watkins ("Thelma Watkins"), a resident of Cordova, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, (Compl., ECF No. 1), accompanied by a motion seeking leave to proceed *in forma pauperis*, (Mot., ECF No. 2.)[1] On January 5, 2014, the court issued an order granting Thelma Watkins's motion for leave to proceed *in forma pauperis*. (Order, ECF No. 4.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013.) For the reasons that follow, it is recommended that this case be dismissed for failure to state a claim

---

[1] In the style of the complaint, Thelma Watkins also listed her son, Calvin Orlandus Watkins, as a plaintiff. Calvin Orlandus Watkins, however, did not sign the complaint, nor did he submit a motion to proceed *in forma pauperis*. Therefore, only Thelma Watkins is listed as a plaintiff.

1

and because it seeks monetary relief against a defendant who is immune from such relief.

## I. PROPOSED FINDINGS OF FACT

In her complaint, Thelma Watkins sets forth the following factual allegations:

> On February 6, 2014, two University of Memphis officers, Ballard #UM069 and Bell #UM103, came to my home located at 1622 Ranmar Drive, Cordova, TN 38016. My son (Calvin Watkins) responded to the officer's [sic] at the door. They told Calvin they needed him to come with them to the University of Memphis Campus Police Services so that they could "simply ask Calvin some questions about an incident.["] My son agreed and told the officers that he needed to back inside to put on his shoes and coat. As my son entered back into our home, he preceeded [sic] to pull the door shut. Ballard, however, used force to pull my security door open so he and Bell would come in. Ballard told Calvin that they were coming in with him. These officers did not ask to come in; they forced their way in and without a warrant of any kind. Since the officers did not have a warrant, they were repeatedly asked by my sons to leave out of the house; however, the officers refused to leave out of our home. These officers walked through my home, peeping around. Calvin continued to ask for a warrant. The officer/s [sic] then said "We can do this the easy way or we can do this the hard way." At that time Ballard reached to his side to pull out handcuffs. These officers bullied my sons in the privacy of our own home. The situation could have gotten worse if Calvin had not complied with the officers. These officers could have done harm to my sons, behind closed doors, because the officers had weapons. These University of Memphis Police Officers had no right entering into my home and escorting my son out of our home without a warrant. My and my sons' civil rights (4th Amendment rights) were, indeed violated. The University of Memphis Police Services came into my home unauthorized and arrested my son at our home, at 1622 Ranmar Drive, Cordova, TN, without a warrant.

(Compl., ECF No. 1 § IV.) The only defendant named in the complaint is The University of Memphis Campus Police Services.

For relief, Thelma Watkins states: "My [sic] and my sons' 4th Amendment rights were, clearly, violated on February 6, 2014. Therefore, I am filing a civil law suit [sic] of 2.5 million dollars against The University of Memphis Campus Police Services. I want the federal court to." (Compl., ECF No. 1 § V.)

II. PROPOSED CONCLUSIONS OF LAW

A. <u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action

    (I)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Because Thelma Watkins has been granted leave to proceed *in forma pauperis*, this report and recommendation will constitute the court's screening as to her claims against the defendant.

B. <u>Standard of Review for Failure to State a Claim</u>

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6)

of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836,

837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C.  Claims Under 42 U.S.C. § 1983

Using the court-supplied complaint form,[2] Watkins alleges violation of hers and her son's civil rights under 42 U.S.C. § 1983. (Compl., D.E. 1 C V.) In order "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of

---

[2] Pursuant to Rule 8(a)(1) of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction." The complaint contains no jurisdictional allegations, but it is a court-supplied complaint form styled as one under 42 U.S.C. § 1983. This is sufficient to confer federal-question jurisdiction on the court for purposes of this screening.

5

state law." *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989)(quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

    1.  *Standing of Thelma Watkins to Bring a Claim for her Son*

Federal law specifies that cases in the courts of the United States may be conducted only by the parties personally or through counsel. 28 U.S.C. § 1654. That statute provides that, "[i]n all courts of the United States, the parties may plead and conduct *their own cases* personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." *Id.* (emphasis added). The federal courts have long held that § 1654 preserves a party's right to proceed *pro se*, but only on his own claims. Only a licensed attorney may represent other persons. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-03 (1993); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969); *accord Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2003)(*pro se* party may not prosecute a wrongful death action on behalf of other beneficiaries). No *pro se* plaintiff may sign pleadings on behalf of another plaintiff. *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear *pro se* on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'"); *Mikeska v. Collins*, 928 F.2d 126 (5th Cir. 1991); *Bonacci v. Kindt*, 868 F.2d 1442, 1443 (5th Cir. 1989). "Similarly, parents cannot appear pro se on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd*, 313 F.3d at 970; *see Chochran v. Nelson*, No. 93-3521, 1994 WL 28648, at *3 (6th Cir. Feb. 1, 1994)("Because Virgil Cochran is not an attorney,

6

he may not represent his son in federal court.") The Sixth Circuit considers this issue one of lack of standing. *Oliver v. Pogats*, No. 91-1717, 1992 WL 76951, at *1 (6th Cir. Apr. 13, 1992). Lack of standing implicates the case-or-controversy requirement of Article III, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), and, therefore, is a threshold issue in every federal case. *Midwest Media Prop. L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 469-70 (6th Cir. 2007).

Here, Thelma Watkins is attempting to bring a claim on behalf of her son. She does not claim to be an attorney. As a non-attorney, she may appear *pro se* on her own behalf, but she cannot appear as an attorney for her son. Thus, Thelma Watkins lacks standing to bring this lawsuit on behalf of her son, and it is therefore recommended that the complaint to the extent it seeks to bring a claim on behalf of Calvin Watkins be dismissed for failure to state a claim.

2. *§ 1983 Claim Against The University of Memphis Campus Police Services*

In her complaint, Thelma Watkins names The University of Memphis Campus Police Services as the only defendant. She alleges that The University of Memphis Campus Police Services violated her civil rights by entering her home without a warrant. (Compl. 3, ECF No. 1.) She alleges that the address of The University of Memphis Campus Police Services is the University of Memphis. (*Id.* at 2.) There are no allegations in the complaint that The University of Memphis Campus Police Services is a separate legal entity from The University of Memphis or that it maintains its own funds separate

from The University of Memphis. Therefore, Thelma Watkins's claim against The University of Memphis Campus Police Services is a claim against The University of Memphis.

The University of Memphis is a state institution to which sovereign immunity applies. The Eleventh Amendment grants states immunity from suits in federal courts and extends even to § 1983 claims. *Quern v. Jordan*, 440 U.S. 332, 342 (1979). The Eleventh Amendment states:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

U.S. Const. amend. XI. Although the express language of the Eleventh Amendment encompasses only suits brought against a State by citizens of another State, the Supreme Court "long ago held that the Amendment bars suits against a State by citizens of that same State as well." *Papasan v. Allain*, 478 U.S. 265, 276 (1986) (citation omitted).

In *Applewhite v. Memphis State University*, 495 S.W.2d 190, 196 (Tenn. 1973), the Tennessee Supreme Court addressed the issue of whether Memphis State University is "an institution to which the doctrine of sovereign immunity applies." Because Memphis State University is a State Teachers College created and maintained by statute and controlled and managed by the Tennessee Board of Education, the court concluded that Memphis State University is a state actor "to which governmental immunity applies and no statute

authorizes [] suit." *Id.* Memphis State University received full university status by the state legislature in 1957 and changed its name to the University of Memphis in 1994. *University of Memphis History*, University of Memphis, http://www.memphis.edu/umhistory.php (last updated July 29, 2014). Because the Tennessee Supreme Court has expressly declared Memphis State University to be a state institution, the University of Memphis is a state institution to which the doctrine of sovereign immunity applies.

Moreover, the University of Memphis has not waived sovereign immunity by consenting to suits against it. *Long v. Richardson*, 525 F.2d 74 (6th Cir. 1975)(finding no clear and specific waiver by the state of Tennessee of Eleventh Amendment immunity as to suits against Memphis State University in state or federal courts). Article I, section 12 of the Tennessee Constitution, states: "Suits may be brought against the state in such manner and in such courts as the Legislature may by law direct." Tenn. Const. art. I, § 17. In *Soni v. Board of Trustees of University of Tennessee*, 513 F.2d 347, 352 (6th Cir. 1975), the Sixth Circuit found that the University of Tennessee had waived its sovereign immunity, but recognized that a waiver must be explicit and not implicitly inferred. In *Long v. Richardson*, 525 F.2d 74 (6th Cir. 1975), the Sixth Circuit, interpreting *Soni*, declared that "each state university must be considered separately" and reiterated that the Eleventh Amendment

9

waiver has to be explicit in the university's charter. *Id.* at 78. Memphis State University, the court noted, does not have the same direct language of waiver by the state of Tennessee as did the University of Tennessee. *Id.* at 76. The Sixth Circuit upheld the dismissal of a § 1983 lawsuit against Memphis State University on grounds of the Eleventh Amendment.

Consequently, Thelma Watkins's claim under 42 U.S.C. § 1983 for monetary damages against The University of Memphis Campus Police Services is barred by the doctrine of sovereign immunity, and it is recommended that is be dismissed.

III. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be dismissed *sua sponte* against the defendant for failure to state a claim on which relief may be granted pursuant to Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(ii) and pursuant to 28 U.S.C. § 1915(e)(2)(iii) because it seeks monetary relief against a defendant who is immune from such relief.

Respectfully submitted this 2nd day of February, 2015.

s/Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A

party may respond to another party's objections within fourteen (14) days after being served with a copy. FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.