IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| THELMA ANN WATKINS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| VS. | ) | No. 15-2006-JDT-dkv |
| | ) | |
| | ) | |
| UNIVERSITY OF MEMPHIS CAMPUS | ) | |
| POLICE SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING OBJECTION, ADOPTING REPORT AND RECOMMENDATION,
DISMISSING CASE, CERTIFYING AN APPEAL WOULD NOT BE TAKEN
IN GOOD FAITH AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff Thelma Ann Watkins, a resident of Cordova, Tennessee, filed a *pro se* civil complaint and a motion for leave to proceed *in forma pauperis* on January 2, 2015. (ECF Nos. 1 & 2.) United States Magistrate Judge Diane K. Vescovo subsequently granted leave to proceed *in forma pauperis*. (ECF No. 5.) On February 2, 2015, the Magistrate Judge issued a Report and Recommendation ("R&R") in which she recommended the complaint be dismissed *sua sponte*. (ECF No. 7.) Objections to the R&R were required to be filed on or before February 20, 2015. *See* Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a)(1), (d). Plaintiff filed an untimely objection on February 23, 2015. (ECF No. 8.)[1] Nevertheless, the Court has fully considered the objection.

---

[1] The postmark on the envelope shows that Plaintiff's objection was mailed on February 17th. (*See* ECF No. 8-1.) However, Plaintiff is not a prisoner, so the "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988), is not applicable. In order to be timely filed, Plaintiff's objection was required to actually be received by the Court no later than February 20th.

In her complaint, Plaintiff alleges that on February 6, 2014, two officers with the University of Memphis Campus Police Services ("UMCPS") came to her home and asked her son, Calvin Watkins, to go with them to answer some questions about an incident. When her son went back inside to put on his shoes and coat, closing the door, the officers allegedly pulled the door back open and entered the home without a warrant. (ECF No. 1 at 2.) They refused to leave when asked and walked through the house "peeping around." Although he repeatedly asked the officers for a warrant, Calvin Watkins ultimately agreed to go with them.[2] (*Id.* at 3.) Plaintiff alleges that her and her sons' Fourth Amendment rights were violated and seeks money damages. (*Id.* at 4.)

Magistrate Judge Vescovo first determined that Plaintiff did not have standing to bring a claim on behalf of her son, Calvin Watkins, who was listed in the complaint as an additional plaintiff. Calvin Watkins did not sign the complaint or file a motion to proceed *in forma pauperis*.[3] (ECF No. 7 at 6-7.) Magistrate Judge Vescovo then determined that the only named Defendant, the UMCPS, is part of the University of Memphis. Because the University of Memphis is a state institution which has not waived its sovereign immunity, the Magistrate Judge correctly found that Plaintiff's claims against UMCPS are barred by the Eleventh Amendment. (*Id.* at 7-10.)

Plaintiff's objection to the R&R is general and non-specific, and she asserts only that her claims should be allowed to go forward. Plaintiff also states, "[i]f Calvin needs to sign complaint, Watkins asks that the judge would allow the original document/complaint to be amended." (ECF No. 8.) However, such an amendment would be futile. As the Magistrate Judge stated, claims for

---

[2] In the complaint, Plaintiff alleges that Calvin Watkins agreed to go with the officers who came to their home, but she also alleges that he was arrested. Thus, it is unclear whether the officers formally placed him under arrest.

[3] Plaintiff does not allege that Calvin Watkins is a minor.

2

money damages against UMCPS are barred by the Eleventh Amendment. Furthermore, any claims against other entities or individuals arising from the officers' entry of Plaintiff's home are now barred by the one-year statute of limitations in Tennessee Code Annotated § 28-3-104(a)(3) and would not relate back to the date of the original filing. *See* Fed. R. Civ. P. 15(d).[4]

The Court agrees with Magistrate Judge Vescovo's recommendation for dismissal of this case. Therefore, Plaintiff's objection is DENIED. The R&R is ADOPTED, and this case is hereby DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, she may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendant, but has sufficient merit to

---

[4] If Calvin Watkins has claims of his own arising from or related to this incident that are not barred by the one-year statute of limitations, he may bring those claims himself in a separate action. His mother may not bring the claims on his behalf.

support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff would not be taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, she must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.[5]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                              s/ **James D. Todd**
                                              JAMES D. TODD
                                              UNITED STATES DISTRICT JUDGE

---

[5] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless she is specifically instructed to do so, Plaintiff should not send to this Court copies of motions intended for filing in the Sixth Circuit.